UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

– *against* –

PHILBERT GORRICK et al.,

Defendants.

**OPINION & ORDER**

08-cr-1000-3 (ER)

Ramos, D.J.:

Before the Court is Philbert Gorrick's motion of November 14, 2022 to eliminate or adjust his restitution order.  Doc. 90.  At sentencing, Gorrick was ordered to pay, jointly and severally with his co-defendants, $375,000 in restitution as monthly installments of 10% of his gross monthly income.  Doc. 90-1 at 7.  Gorrick alleges that he became "totally, medically disabled" at the beginning of his term of imprisonment, which left him "incapable of working" and entirely and solely dependent on Social Security payments upon his release.  Doc. 90 ¶¶ 11–12.  On the basis of his disability, Gorrick pleads significant financial hardship and seeks to modify the restitution order by either "eliminating the necessity of Defendant paying restitution entirely or, in the alternative, reducing the amount substantially."  *Id.* at 10.  Gorrick also alleges that excessive amounts of restitution are being deducted from his monthly Social Security payments because his total gross income is $1968.00 in Social Security payments (10% of which should be $196.80), but $254.72 is being deducted monthly.  *Id.*  ¶¶ 23–25.

"It is well-established that a district court may not alter an imposed sentence, except in narrow circumstances . . . ."  *United States v. Kyles*, 601 F.3d 78, 83 (2d Cir. 2010).  A court may adjust a restitution payment schedule—as opposed to the restitution amount—based on "any material change in the defendant's economic circumstances that might affect the defendant's

ability to pay restitution." *See United States v. Teeple*, No. 13-cr-339-2 (VEC), 2016 U.S. Dist. LEXIS 46038, at *3 (S.D.N.Y. Apr. 5, 2016) (quoting 18 U.S.C. § 3664(k)). "A change of the sort contemplated by the statute is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000); *see, e.g.*, *United States v. Brill*, No. 99-cr- 827, 2007 U.S. Dist. LEXIS 56225, at *25–29 (E.D.N.Y. June 7, 2007) (refusing to modify monthly restitution payments of 15% of defendant's income where only defendant's health, a non-financial condition, had changed materially). Where the defendant fails to demonstrate, with the appropriate supporting documentation, a material change in financial circumstances since the time of sentencing, the court will not modify the current payment schedule. *See, United States v. Rodriguez*, No. 01-cr-497, 2022 U.S. Dist. LEXIS 205361, at *5 (S.D.N.Y. Nov. 10, 2022); *United States v. Pascucci*, No. 98-cr-278, 2009 U.S. Dist. LEXIS 52152, at *7–8 (S.D.N.Y. June 18, 2009).

The Court accordingly cannot grant Gorrick's first request to entirely eliminate his obligation to pay restitution *See Teeple*, 2016 U.S. Dist. LEXIS 46038, at *3. As to his second request to reduce the amount substantially—although the Court does have authority to do so under 18 U.S.C. § 3664(k), Gorrick has not submitted any documentation to substantiate the change in his financial circumstances since sentencing, nor even provided any information as to the nature of his "total medical disability."[1] Moreover, Gorrick's disability—and therefore the "material change" in his economic circumstances—has existed since at least his release in 2012. Doc. 90 ¶ 11. Yet Gorrick offers no explanation for why he waited eleven years to request a modification of the restitution amount. In any event, without the requisite documentation concerning his changed financial circumstances, the Court will not grant Gorrick's request for a

---

[1] Especially perplexing is Gorrick's simultaneous claim that his total medical disability renders him "incapable of working" and that he is currently pursuing a license in electrical engineering. Doc. 90 ¶¶ 5–6, 25.

downward modification of the monthly restitution payment amount.  *See Rodriguez*, 2022 U.S. Dist. LEXIS 205361, at *5; *Pascucci*, 2009 U.S. Dist. LEXIS 52152, at *7–8; *Brill*, 2007 U.S. Dist. LEXIS 56225, at *25–29.  Insofar, however, as the Government is deducting more than 10% of Gorrick's total gross monthly income, the Government is directed to comply with the applicable restitution order providing for deduction of only 10% of Gorrick's total gross monthly income.

Accordingly, Gorrick's motion is denied.  The Clerk of Court is respectfully directed to terminate the motion, Doc. 90.

It is SO ORDERED.

Dated:    May 30, 2023
              New York, New York

_____
              EDGARDO RAMOS, U.S.D.J.